**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT TOWNSEND, | No. 09-55436 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00372-AG-AN |
| v. | |
| BANK OF AMERICA, N.A.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Robert Townsend appeals pro se from the district court's judgment

dismissing his action alleging, among other claims, violations of the federal and

California Fair Debt Collection Practices Acts ("FDCPA") and the Fair Credit

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Townsend's request for oral argument is denied.

Reporting Act ("FCRA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 932 (9th Cir. 2007) (per curiam), and for an abuse of discretion a denial of leave to amend, *Chodos v. West Publ'g Co*., 292 F.3d 992, 1003 (9th Cir. 2002).  We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Townsend failed to state a claim under the federal or California FDCPA because the "least sophisticated debtor" would not "likely be misled" by defendants' letters.  *Guerrero*, 499 F.3d at 934; *see also* 15 U.S.C. §§ 1692e-1692f; Cal. Civ. Code §§ 1788.13, 1788.17.  Accordingly, the FDCPA claims were properly dismissed.

The district court properly dismissed the FCRA claims because there is no private right of action under 15 U.S.C. § 1681s-2(a), *see Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002), and Townsend did not allege that he notified a credit reporting agency of his dispute, as required to trigger the duties set forth in 15 U.S.C. § 1681s-2(b), *see Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (duties under § 1681s-2(b) arise only after the furnisher of financial information receives notice

of the consumer's dispute from a credit reporting agency), *cert. denied*, *FIA Card Servs., N.A. v. Gorman*, 131 S. Ct. 71 (2010).

The district court did not abuse its discretion by denying leave to amend to file a third amended complaint. *See Chodos*, 292 F.3d at 1003.

Townsend's remaining contentions, including those concerning his RICO and defamation claims, are unpersuasive.

**AFFIRMED.**